## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MANUEL R. SANTOS,  )  )   Petitioner,  )  )  v.  )  )  NELSON ALVES,  )  )   Respondent.  ) | Civil Action No. 10-11184-FDS |

## ORDER ON CERTIFICATE OF APPEALABILITY

**SAYLOR, C.J.**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 18, 2020, the Court dismissed the petition. Petitioner Manuel Santos can only appeal that dismissal if he receives a certificate of appealability. For the following reasons, the Court will certify the appealability of four of petitioner's claims but will deny the appealability of two of petitioner's claims.

A certificate of appealability will issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That standard is satisfied by "demonstrating that jurists of reason could disagree with the district court's resolution of [petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). That standard must be independently satisfied as to "each and every issue raised by a habeas petitioner." *See Bui v. DiPaolo*, 170 F.3d 232, 236 (1st Cir. 1999).

The petition asserts six claims:

(1) The prosecution violated Santos's due-process rights during closing arguments by saying that Santos had a motive to murder the victim, commenting on Caillot's post-arrest silence, incorrectly stating that no guns had been found, and vouching for the credibility and character of two of the state's witnesses;

(2) the trial court violated the Confrontation Clause of the Sixth Amendment by admitting Caillot's out-of-court statements without cross-examination;

(3) the prosecution violated the Fifth, Sixth, and Fourteenth Amendments by withholding material, exculpatory evidence in the possession of the state police, including the alleged murder weapons and related documents;

(4) Santos was denied his Sixth Amendment right to effective assistance of counsel because his attorney decided not to hire a crime-scene reconstruction or ballistics expert to testify and decided not to investigate an alternative suspect;

(5) the SJC deprived Santos of his due-process right to a fair trial by reversing the trial court's order granting a new trial based in part on prosecutorial misconduct; and

(6) the SJC deprived Santos of his due-process right to put on evidence by reversing the trial court's order granting a new trial based in part on the discovery of new firearms evidence. (Pet. (Dkt. No. 1) at 17-18).

The Court concludes that jurists of reason could disagree as to the resolution of the constitutional issues raised by the petition with respect to claims 1-4. Accordingly, a certificate of appealability with respect to claims 1-4 is GRANTED.

But claims 5 and 6 merely repackage claims 1 and 3 without meriting separate analysis. Further, petitioner does not address claims 5 and 6 in his amended briefing; therefore, he appears

to have waived those claims.  (Pet.'s Am. Mem. (Dkt. No. 100) at 12-38).  Accordingly, a certificate of appealability with respect to claims 5 and 6 is DENIED.

**So Ordered.**

Dated:  September 18, 2020

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court